UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAVIEON LEWIS MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK EATON, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00892-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER, FAILURE TO COMPLY WITH LOCAL RULES, AND FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign district judge. |

Plaintiff Chavieon Lewis Moore is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  Plaintiff initiated this action with the filing of a complaint on June 4, 2021.  (Doc. 1.)

On October 6, 2022, the Court issued an order reassigning the case to the undersigned magistrate judge.  (Doc. 7.)  The Court served the order on Plaintiff by U.S. Postal Service on the same day.  On October 18, 2022, the U.S. Postal Service returned the order as "Undeliverable, Return to Sender, Discharged, Not Deliverable as Addressed; Unable to Forward."  To date, Plaintiff has not updated his address with the Court.

As explained in the Court's first informational order, a party appearing *pro se* must keep the Court advised of his current address.  (Doc. 3 at 5.)  Pursuant to Local Rule 183(b), "[i]f mail

directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable" and "[i]f a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." L.R. 183(b).

The Local Rules also provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Despite the passage of more than sixty-three days since the U.S. Postal Service returned the Court's order reassigning case, Plaintiff has failed to notify the Court of his current address. It appears that Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders and the Local Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to obey a court order, comply with the Local Rules, and prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __December 28, 2022__        _____
                                    UNITED STATES MAGISTRATE JUDGE

3